IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 10-cv-02967-BNB

JAN   7 2011

MICHAEL JOHN MALLISH,

GREGORY C. LANGHAM
CLERK

      Applicant,

v.

SHERIFF TED MINK, Jefferson County Jail,

      Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

      Applicant, Michael John Mallish, currently is incarcerated at the Jefferson County Detention Center in Golden, Colorado. Mr. Mallish initiated this action by filing *pro se* a document titled "Writ of Habeas Corpus." Because the document appeared to indicate that he had not yet been convicted, on December 10, 2010, Mr. Mallish was ordered to cure certain designated deficiencies, including to submit an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the Court-approved form.

      In response to the December 10 order to cure deficiencies, Mr. Mallish filed a habeas corpus application pursuant to § 2241 apparently challenging the validity of his convictions and sentences in case numbers 06CR4026, 09CR726, 09CR01143, and possibly 10CR538, although it is not clear that he was convicted in No. 10CR538. Mr. Mallish fails to allege in which state court he was convicted. He has paid the $5.00 habeas corpus filing fee.

The Court must construe liberally Mr. Mallish's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mallish will be directed to file an amended application.

The Court notes that Mr. Mallish's application appears to attack multiple convictions, possibly from different state courts. As a result, the instant habeas corpus application may not be in compliance with Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Court (Section 2254 Rules), which provides that an applicant who seeks relief from judgments of more than one state court must file a separate application covering the judgment or judgments of each court. Therefore, Mr. Mallish will be given the opportunity to file an amended application that complies with Rule 2(e) of the Section 2254 Rules. The amended application he files must designate which conviction or convictions, if they are from the same state court, he wishes to pursue in the instant action. He may pursue the remainder of his convictions in separate applications filed in separate actions, if he so chooses.

Mr. Mallish's application also does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 4 of the Section 2254 Rules. The application is vague, verbose, and confusing, and the submitted exhibits do not clarify the application, other than to confirm that Mr. Mallish was convicted on April 22, 2010, in No. 09CR726. Although he alleges six claims of constitutional violations, the asserted facts do not clearly support the alleged constitutional violations.

Mr. Mallish must allege specific facts that show a violation of his constitutional rights.  *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) ("the petition is expected to state facts that point to a 'real possibility of constitutional error,'" quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases).   Fed. R. Civ. P. 8(a) requires that a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4).  *Pro se* status does not relieve Mr. Mallish of the burden of alleging sufficient facts on which a recognized legal claim can be based.  *See Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006).

Accordingly, it is

ORDERED that Applicant, Michael John Mallish, **within thirty days from the date of this order**, file an amended application that complies with this order.  It is

FURTHER ORDERED that Mr. Mallish's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Mallish, together with a copy of this order, two copies of the following form, one of which is to be used in

filing the amended application:  Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  It is

      FURTHER ORDERED that, if Mr. Mallish fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

      DATED January 7, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-02967-BNB

Michael J. Mallish
Prisoner No. 00098017/1003055
Jefferson County Detention Facility
PO Box 16700
Golden, CO 80402-6700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 forms** to the above-named individuals on January 7, 2011.


                        GREGORY C. LANGHAM, CLERK


                    By:_____
                             Deputy Clerk